# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REMO HARRISON DANIELS,<br><br>Plaintiff,<br>v.<br><br>CAPTAIN BAUMANN, SGT. SEGERSTROM, SGT. WERNER, A. DEGROOT, BRIAN FOSTER, WARDEN COOPER, JOHN KIND, C.O. NABBEFELD, ANA BOATWRIGHT, and CATHY JESS,<br><br>Defendants. | Case No. 16-CV-870-JPS<br><br>**ORDER** |

On July 10, 2017, Plaintiff filed a motion to utilize his release account funds to pay the remainder of his filing fee. (Docket #24). Plaintiff paid the initial partial filing fee ("IPFF") of $8.67 on August 11, 2016. His motion states that a balance of $183.09 remains on the fee. *Id.* While it is true that this Court has the authority to order disbursements from a prisoner's release account for payment of an IPFF, *see, e.g.*, *Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act. . .and the federal Prison Litigation Reform Act [("PLRA")]. . .authorize the courts to order that. . .a prisoner's release account be made available [to pay an IPFF]"), this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release

account" and the absence of any statutory authority compelling the court to do so).

Notwithstanding the foregoing, denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to that prisoner's likelihood of success post-incarceration, *see* Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. In light of the foregoing, the Court will deny Plaintiff's motion to use release account funds to pay the balance of his filing fee.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to use funds from his release account to pay the remainder of his filing fee (Docket #24) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge